UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Terry Lamar Noble,

        Petitioner,

  vs.

Warden Fondren, Warden,
FCI-Sandstone,

        Respondent.        Civ. No. 08-6259 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241.[1] The Petitioner appears pro se, and the Respondent appears by Chad

---

[1] The Petitioner disclosed on his Petition that he has also filed a Habeas Corpus Petition with the Sentencing Court in his case, which was the United States District Court for the Eastern District of Michigan, in order to request a reduction in his sentence. The Petition before this Court concerns the BOP's calculation of his sentence, and not the length of his sentence as ordered by the Sentencing Court. The
(continued...)

A. Blumenfield, Assistant United States Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

## II. Factual Background

The facts are undisputed and, neither the Petitioner, nor the Respondent, has raised any objection to any of the supporting documents which have been supplied to the Court.

On July 13, 2001, the Petitioner was arrested in the State of Michigan on charges of being in possession of less than twenty-five (25) grams of cocaine, and of fleeing a Police Officer, which related to an incident that occurred on July 13, 2001. See, Michigan State Corrections Offender Profile, Hazelton Declaration ("Hazelton Decl."), Docket No. 6, Att. 3. On June 19, 2003, the Petitioner was sentenced, by a Michigan State Court, to serve between four (4) and six (6) years for possession of cocaine, and between five (5) and seven (7) years, six (6) months, for fleeing the Police Officer. Id. The Michigan Department of Corrections ("Michigan

---

[1](...continued)
Respondent has not objected to this Court's jurisdiction, and the proceeding in the Eastern District of Michigan does not affect either our analysis, or the result we reach. Thus, we address the merits of this Section 2241 Petition.

Corrections") paroled the Petitioner on August 8, 2007, for an eighteen-month period of supervision, which would end on February 8, 2009. Id.

On October 22, 2003, the Petitioner was indicted in the United States District Court for the Eastern District of Michigan. See, Hazelton Decl., supra at ¶4. The Petitioner was, at that time, serving his State sentences, in the primary custody of the State of Michigan, and under that State's exclusive jurisdiction. Id. On November 17, 2003, the Petitioner was taken into Federal custody, pursuant to a Federal Writ of Habeas Corpus ad prosequendum, for five (5) offenses which related to the distribution of fifty (50) grams or more of cocaine base, and to being a felon in possession of a firearm, in violation of Title 21 U.S.C. §§841(a)(1), and Title 18 U.S.C. §§2, and 922(g)(1). See, United States Marshals Service Tracking System and United States District Court Judgment ("Judgment"), Hazelton Decl., Atts. 4, 5 at p. 1. On April 12, 2004, the Petitioner pled guilty to two (2) of the five (5) Counts; namely, the Counts charging the Distribution, and Aiding and Abetting in the Distribution, of Fifty (50) Grams or More of Cocaine Base, and of being a Felon in Possession of a Firearm. See, Hazelton Decl., supra at ¶4; see also, Petition, Docket No. 1, at ¶¶6, 7.

According to the District Court Judgment, the offenses ended on March 12, 2003, and May 28, 2003, respectively. See, Judgment, <u>Hazelton Decl.</u>, Att. 5 at p. 1. On August 23, 2005, the United States District Court for the Eastern District of Michigan sentenced the Petitioner to one hundred twenty (120) months imprisonment for each count, to be served concurrently. See, <u>Petition</u>, supra at ¶4; see also, Judgment, <u>Hazelton Decl.</u>, Att. 5 at p. 2. In its Judgment dated August 24, 2005, the Sentencing Court also ordered the Federal sentence to run concurrent with the Petitioner's State sentence, "as of August 24, 2004." See, <u>Petition</u>, supra at ¶16; see also, Judgment, <u>Hazelton Decl.</u>, Att. 5 at p. 2. On August 30, 2005, the United States Marshals returned the Petitioner to the custody of Michigan Corrections. See, United States Marshals Tracking System, <u>Hazelton Decl.</u>, Att. 4.

The Federal Bureau of Prisons ("BOP") designated the Michigan Corrections as the official detention facility for the Petitioner's Federal sentence, as of August 24, 2005. See, <u>Hazelton Decl.</u>, at ¶5; see also, Letter of Designation, <u>Hazelton Decl.</u>, Att. 6. On August 8, 2007, the Petitioner was paroled from Michigan Corrections to the custody of the United States Marshals. See, Sentence Monitoring Computation Data, <u>Hazelton Decl.</u>, Att. 10 at p. 3. On September 18, 2007, the Petitioner was committed to the custody of the BOP. See, Sentence Monitoring Computation Data, <u>Hazelton</u>

Decl., Att. 10, at p. 1. The Petitioner is currently incarcerated at the Federal Correctional Institution, in Sandstone, Minnesota. See, Hazelton Decl., supra at ¶3.

The BOP set the Petitioner's Federal sentence commencement date as August 24, 2005, which was the date of imposition. See, Hazelton Decl., supra at ¶5. The BOP calculated thirty-eight (38) days of "Willis credits," see, Willis v. United States, 438 F.2d 923 (5th Cir. 1971), for the Petitioner's prior uncredited time in custody. See, Willis/Kayfez Calculation Sheet, Hazelton Decl., Att. 9. The BOP also calculated the Petitioner's full term date to be July 16, 2015. Hazelton Decl., supra at ¶6. In addition, the BOP computed the Petitioner's good conduct time credit to be four hundred seventy (470) days, which sets the Petitioner's projected release date at April 2, 2014. See, Sentence Monitoring Computation Data, Hazelton Decl., Att. 10 at p. 3.

On January 28, 2008, the BOP sent a letter to the Sentencing Court, informing the Court that the BOP was unable to set the commencement date of the Petitioner's Federal sentence as August 24, 2004, because that date was prior to the date of imposition. See, Letter Dated January 28, 2008, Hazelton Decl., Att. 12. As a consequence, the BOP had set the start date as August 24, 2005, rather than August 24, 2004. Id. The BOP further advised the Court that the time that the Petitioner

served, between August 24, 2004, and August 23, 2005, had been credited to his State sentence, and therefore, could not be credited to his Federal sentence under Title 18 U.S.C. §3585(b). Id. The BOP asked the Court to contact the BOP if the Court disagreed with the BOP's calculation. Id.

After the Petitioner filed this Habeas Corpus Petition, the BOP sent another letter to the Sentencing Court, on December 10, 2008. See, Letter dated December 10, 2008, Hazelton Decl., supra at ¶9, and Att. 13. In that letter, the BOP again informed the Court that it had set the Petitioner's commencement date as August 24, 2005, not August 24, 2004, and that the Sentencing Court had the authority, under Section 5G1.3(b), United States Sentencing Guidelines, to adjust the Petitioner's term of imprisonment so as to account for time not credited by the BOP. Id. The Sentencing Court did not alter the Judgment, nor did it respond to the BOP's request for clarification. See, Hazelton Decl., at ¶¶8, 9.

The Petitioner filed this Petition for a Writ of Habeas Corpus on December 4, 2008, alleging that the BOP calculated his term of custody in a manner that violated the Sentencing Court's Order. The Petitioner asserts that the BOP's method for calculating his sentence commencement date, under BOP Program Statement 5880.28, violates the Sentencing Court's Order, and accordingly, that he is entitled to an earlier

release date than the BOP has computed for him. The Petitioner contends that the BOP should count the period that extends from August 24, 2004, to August 23, 2005, towards his Federal sentence. See Petition, supra at ¶16.

In turn, the Respondent argues that the commencement date cannot be set for a date prior to imposition of the sentence. See, Government Response, Docket No. 4, at pp. 9-10, 12. The Respondent also argues that the Petitioner is barred by Title 18 U.S.C. §3585(b) from receiving credit for this period, because it has been credited towards his State sentence. See, Government Response, supra at pp.10-12.

Lastly, the Petitioner has exhausted his administrative remedies as to the calculation of his term of imprisonment issue.

### III. Discussion

A. Standard of Review. The Petitioner seeks relief under Title 28 U.S.C. §2241, which states, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless * * * (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States * * *." While a prisoner who seeks to attack the validity of a Federal sentence must do so in the Sentencing Court, by a Motion pursuant to Title 28 U.S.C. §2255, Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977), the Petitioner is correct in raising his Petition under Section 2241, because that

Section provides the exclusive remedy for challenging the BOP's calculation of a Federal sentence. See, <u>Matheny v. Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002)("A petitioner may attack the execution of his sentence through §2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under §2255 in the district of the sentencing court."), citing <u>Bell v. United States</u>, 48 F.3d 1042, 1043 (8th Cir. 1995).

The statutory scheme involving concurrent versus consecutive State and Federal sentences, credit for time served, and the authority of the Courts, versus the authority of the BOP, in making those decisions, has been described as a "labyrinth," which even the BOP considers as "probably the single most confusing and least understood sentencing issue in the Federal system." <u>United States v. Smith</u>, 101 F. Supp.2d 332, 334, and 347 (W.D. Pa. 2000). As a consequence, we have afforded the Petitioner's claims the most indulgent of constructions. See, <u>Williams v. Lockhart</u>, 849 F.2d 1134, 1138 (8th Cir. 1988)(liberally construing Habeas Petition).

Indulgently construing the Petitioner's Habeas claim, we conclude that the Petitioner is asking us to direct the BOP, pursuant to the Sentencing Court's Order, to set his sentence commencement date as August 24, 2004, or to credit him with the

time that he served in the State of Michigan, between August 24, 2004, and August 23, 2005.

    B.    <u>Legal Analysis</u>. At the outset, we note our agreement with the Respondent, that the BOP properly calculated the Petitioner's sentence.

    1.    <u>Sentence Commencement</u>. The provisions, which relate to the commencement of Federal imprisonment sentences, provide as follows:

> (a)    Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

<u>Title 18 U.S.C. §3585(a)</u>; see also, <u>Reno v. Koray</u>, 515 U.S. 50, 58 (1995). The sovereign which first arrests an offender retains primary jurisdiction over that offender, unless jurisdiction over the offender is relinquished by, for example, a bail release, a dismissal of the State charges, a parole, or an expiration of the first sentence. See, <u>United States v. Cole</u>, 416 F.3d 894, 897 (8th Cir. 2005), citing <u>United States v. Smith</u>, 812 F. Supp. 368, 370 at n.2 (E.D.N.Y 1993).

    Our Court of Appeals has not yet directly ruled on whether a Federal sentence can be deemed to have begun prior to the imposition date. However, numerous other

Courts of Appeals, and District Courts within this District, have held that it cannot.[2] See, e.g., P. S. 5880.28, Hazelton Decl., Att. 7; United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006)(adopting United States v. Flores, supra); United States v. Labeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998); Demartino v. Thompson, 1997 WL 362260 at *2 (10th Cir. 1997)(unpublished); Mathison v. Morrison, 2007 WL 3224671 at *4-5 (D. Minn., November 1, 2007)(surveying current case law on the issue); Stevenson v. Terrell, 2009 WL 1035161 at *3 (D. Minn., April 16, 2009), citing United States v. McLean, 1989 WL 5457 at *1 (4th Cir., Jan 13, 1989), Sliker v. Winn, 2008 WL 191298 at *2, *4-5 (D. Minn., January 23, 2008)(Order giving credit for time served since 1998 would have required the BOP to violate Section 3585; BOP had correctly commenced sentence on date of imposition).

---

[2]Our Court of Appeals has held that "[o]nly the BOP has the authority to determine when a federal sentence commences." United States v. Hayes, 535 F.3d 907, 910 (8th Cir. 2008), cert. denied, --- U.S. ---, 128 S.Ct. 1983 (2009), citing United States v. Wilson, 503 U.S. 329, 335 (1992). We note the seeming contradiction between this holding, and Court of Appeals' decision in United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (per curiam)(holding that a district court "has broad discretion to determine whether a sentence should be consecutive or concurrent within the constraints of * * * Section 3584"). We need not resolve that contradiction today, however, as the case law is clear that whoever may order a Federal sentence to be served concurrent to a State sentence, the Federal sentence may not begin prior to imposition.

In Petitioner's case, the Sentencing Court ordered that the Federal sentence be served concurrently with the unexpired State sentence as of a specific date, which was prior to the imposition of the Federal sentence, and that was simply outside of the Sentencing Court's authority. "Even [if] it intends to, a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence." Mathison v Morrison, supra at *4, quoting Miramontes v. Driver, 2007 WL 2110933 at *1 (5th Cir., July 23, 2007). The Petitioner's circumstances are analogous to those in Singleton v. Hollingsworth, 2006 WL 2067761 (D. Minn., July 24, 2006).

There, the Federal Sentencing Court ordered Singleton's Federal sentence to run "concurrent to" his State sentence, which he had already completed. Id. at *1. Singleton filed a Habeas Corpus Petition requesting credit toward his Federal sentence for his State time-served. Id. In denying Singleton's Habeas Petition, the reviewing Court stated that "[t]he problem is that [the Sentencing Court] was ordering the impossible." Id. The court continued, in the adopted Report and Recommendation, as follows:

> Since the Petitioner's Federal sentence was imposed on September 24, 1998, the Federal sentence could not commence until on or after that date. Accordingly, the

> Sentencing Court's Order, which directed that the Federal sentence would run concurrently with the State sentence, did not require -- indeed, could not require -- that the Petitioner's Federal sentence would begin with the commencement of his State sentence."

Id. at *5, citing United States v. Wilson, supra at 331-35.

Just as in Singleton, the Sentencing Court, here, ordered the impossible. The Petitioner's Federal sentence could not have commenced prior to the date that it was imposed -- August 24, 2005. Therefore, the BOP correctly calculated the Petitioner's commencement date at August 24, 2005.

    2.    <u>Credit for Prior Custody</u>. We also construe the Petition to argue that the BOP should award the Petitioner credit for the period of time he served with Michigan Corrections, from August 24, 2004, to August 23, 2005, pursuant to the Sentencing Court's Order.

The provisions, which relate to credit for prior custody, provide as follows:

> (b) Credit for Prior Custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

Title 18 U.S.C. §3585(b)[emphasis added].

- 12 -

Under the plain language of this provision, the Petitioner is entitled to credit for the time that he spent detained, prior to the date on which his Federal sentence commenced, as a result of the offense for which the sentence was imposed. Here, the Petitioner was given credit, by the BOP, for the time served during the period from March 12, 2003, to March 27, 2003, and for the period from May 28, 2003, to June 18, 2003. See, Willis/Kayfez Calculations Sheet, Hazelton Decl., Att. 9. The Petitioner served that time before he was committed to Michigan Corrections on June 19, 2003, and began serving his State sentence. See, Michigan Offender Tracking Information, Hazelton Decl., Att. 3. Such credit is appropriate under Section 3585(b)(1).

However, the language of Section 3585(b) is equally plain that "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also, United States v. Kiefer, 20 F.3d 874, 875-876 n. 1 (8th Cir. 1994)("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under §3585(b), which only allows credit for time 'that has not been credited against another sentence'"), citing United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993),

cert. denied, 511 U.S. 1059 (1994); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991). Given that language, it is manifest that a petitioner **cannot** be credited for time in custody, when that time has already been credited towards another sentence.

Here, the Petitioner received credit, against his State of Michigan sentence, for the time he served from August 24, 2004, through August 23, 2005. See, Hazelton Decl., Atts. 12, 13. Thus, in accordance with Section 3585(b), the Petitioner may not be credited, as to his Federal sentence, with the time that had already been applied toward his State sentence. See, United States v. Kramer, supra at 132 (affirming BOP's denial of double credit for time credited on a State sentence), citing McIntyre v. United States, 508 F.2d 403, 404 (8th Cir. 1975), cert. denied, 422 U.S. 1010 (1975), for the proposition that a "federal prisoner [is] not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period." Accordingly, we find that the BOP properly calculated the credits that the Petitioner should receive.

Moreover, at sentencing, a Federal Sentencing Court does not have the authority to award credit for time served. See, United States v. Wilson, supra at 333-34, United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004)("A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur

after the defendant begins his sentence.'"), quoting United States v. Wilson, supra at 333. The BOP has the sole authority to calculate credit for time served, once the Sentencing Court has ordered the length of the sentence. See, United States v. Labeille-Soto, supra at 98. As a result, the Sentencing Court did not have the authority to award credit to the Petitioner for the time he served in Michigan Corrections, during the period from August 24, 2004, to August 23, 2005, just like it did not have the authority to back-date the commencement of the Petitioner's sentence.

The Sentencing Court did have the authority, under United States Sentencing Guidelines §5G1.3, to adjust the Petitioner's Federal sentence for time served on a State sentence, for an offense "fully taken into account" in the instant Federal sentence. See, U.S.S.G. §5G1.3(b); see also, Sliker v. Winn, supra at *4. We liberally construe the Petitioner's argument, that the Sentencing Court intended his sentence to begin earlier, as including the argument that the BOP should interpret the Sentencing Court's Judgment as intending to apply Section 5G1.3.

The case law within our Circuit reveals that where a Sentencing Court attempts to award credits, or to back-date a commencement date, a reviewing Court does not construe that action as an attempt to apply Section 5G1.3. See, Gibson v. Reese,

2003 WL 262491 at *1 (8th Cir., Feb. 10, 2003)(affirming dismissal of Section 2241 Petition where Judgment recommended credit for time served; BOP has sole authority under Section 3585, and the jail time had been credited to a State sentence), cert. denied, 540 U.S. 882 (2003); Potwin v. Sanders, 2006 WL 932304 at *3 (E.D. Ark., April 10, 2006), aff'd, 231 Fed.Appx. 538 (8th Cir., Aug. 16, 2007)(unpublished); Lara-Valdez v. Sanders, 2006 WL 1168810 at *4, and n. 1 (E.D. Ark., May 1, 2006).

Further, the Petitioner has not demonstrated that the Sentencing Court intended to apply Section 5G1.3 to account for time that he served on his State sentence. The Petitioner's sentence of one hundred twenty (120) months, for the violation of Title 21 U.S.C. §841(a)(1), is the minimum penalty allowed for the violation of that Section. See, Title 21 U.S.C. §841(b)(1)(A)(iii). His sentence of one hundred twenty (120) months, for the violation of Title 18 U.S.C. §922(g)(1), is the maximum penalty allowed for a violation of that Section, but the Record does not show why the Sentencing Court imposed the maximum. See, Title 18 U.S.C. §924(a)(2). The Judgment does not mention anything regarding "credits," or "time served." The back-dated commencement date of August 24, 2004, does not relate to the commencement of the State sentence on June 19, 2003, to the Petitioner's Federal arrest on November 17, 2003, nor to the Petitioner's guilty plea on April 14, 2004.

The Record before us does not reveal whether the Sentencing Court intended to credit the Petitioner with the time served on his State sentence, and we may not interpret the Sentencing Court's Order as intending to apply Section 5G1.3 to credit the Petitioner with time served, when such an intent is not shown in the Record. Moreover, if the Petitioner is asking this Court to amend the Judgment, so as to reduce the sentence under Section 5G1.3, that request is only appropriate under a Petition filed pursuant to Section 2255, as an attack on the Judgment itself. See, Watson v. United States, 2006 WL 1428295 at *4 (D. Minn., May 23, 2006)(finding that the petitioner's argument, that Sentencing Court intended to apply Section 5G1.3 by recommending credit for time served, was an attack on the sentence, and therefore, was not properly before the Court on a Section 2241 Petition); Matheny v. Morrison, supra at 711.

The Sentencing Court in the Petitioner's case did not have the authority to back-date the commencement date for the Petitioner's Federal sentence, and the BOP has correctly computed the Petitioner's commencement date, as well as his credits under Title 18 U.S.C. §3585. Accordingly, finding the Petitioner's arguments to be without merit, we recommend that his Petition be dismissed with prejudice.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be dismissed with prejudice.

Dated: November 6, 2009  *s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 23, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 23, 2009**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.